# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

| | |
|---|---|
| **CONNIE L. HACKER,**<br><br>　　　　　　**Plaintiff,**<br>v.<br><br>**AETNA LIFE INSURANCE COMPANY,**<br><br>　　　　　　**Defendant.** | **Civil Action No. _____** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Aetna Life Insurance Company ("Aetna" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Clay County, Kentucky, Case No. 17-CI-00368, where it is currently pending, to the United States District Court for the Eastern District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the plaintiff and the proper defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendant respectfully shows the Court as follows:

1.　　Plaintiff Connie Hacker instituted a civil action against Aetna in the Circuit Court of Clay County, Kentucky, on December 28, 2017.  True and correct

copies of the Complaint and Summons, which are all of the pleadings, process, and orders served upon Aetna in the Circuit Court action, are attached hereto collectively as Exhibit A.  No further proceedings have occurred in the state court action.

2. Plaintiff's Complaint was served upon CT Corporation, as service-of-process agent for Aetna, on January 4, 2018.  Accordingly, this Notice of Removal is filed within thirty (30) days after receipt by Aetna of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3. This action could have been originally filed in this Court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332.

4. The United States District Court for the Eastern District of Kentucky is the federal judicial district embracing the Circuit Court of Clay County, Kentucky, where this suit was originally filed.  Venue is therefore proper under 28 U.S.C. §§ 97(a) and 1441(a).

## DIVERSITY JURISDICTION

5. Plaintiff alleges that she is a resident and citizen of Kentucky.  *See* Exhibit A at 5 (¶ 4).

6. Aetna is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

Pursuant to 28 U.S.C. § 1332(c)(1), Aetna is a citizen of the State of Connecticut. Aetna is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the Commonwealth of Kentucky within the meaning of the Acts of Congress relating to the removal of cases.

7. This action is therefore between citizens of different states, thus establishing complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a).

8. In order to meet the $75,000 jurisdictional threshold in this case with an unspecified claim for damages, Defendant need show only that the amount in controversy "more likely than not" exceeds the jurisdictional requirement. *See Williamson v. Aetna*, 481 F.3d 369 (6th Cir. 2006) (finding claims removable when it was more likely than not that potential cost of state claims to defendant would exceed $75,000, even though plaintiffs had stipulated that they would not seek damages in excess of $75,000). "As a general rule, this jurisdictional analysis must also take into account the ability of Plaintiff . . . to recover punitive damages, unless it is apparent to a legal certainty that such cannot be recovered." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (internal quotation marks omitted). In this case, Defendant can remove to federal court if it can show, by a preponderance of the evidence, facts supporting jurisdiction. A lower burden of proof is warranted where damages are

unspecified, such as in the instant case (as there is no *ad damnum* clause), because there is simply no estimate to which a court may defer.

9. Aetna denies that it breached the insurance policy or violated Kentucky law. Nonetheless, in evaluating whether subject-matter jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy."

10. Plaintiff alleges that Aetna's denial of benefits in 2017 constituted (1) breach of contract; (2) a violation of the Kentucky Unfair Claims Settlement Practices Act for "deny[ing] STD and LTD benefits . . . in bad faith and without just cause" and (3) a breach of the duty to act in good faith. Exhibit A at 8 (¶ 25, 29, 36, 40). Due to this alleged conduct, Plaintiff demands "[j]udgment against Defendant for full contractual benefits," attorney's fees, punitive and emotional pain and suffering damages, and equitable relief. Exhibit A at 10 ("Demand for Relief" paragraph). Emotional distress, compensatory damages and punitive damages could easily reach above the jurisdictional minimum on their own. *See*, *e.g.*, *Jones v. State Farm*, No. 04-3520, 2008 KY Trial Ct. Rev. LEXIS 536 (Ky. Cir. Ct. February 29, 2008) (entering jury verdict on $25,000 policy for $37,500 in emotional distress damages and $190,833 in punitive damages upon jury's finding that underinsured motorist insurer took adversarial position against insured when denying claim). With back benefits of around $23,000, even a minimal multiplier

for other damages and a reasonable attorney's fee award, would put the amount in controversy over the $75,000.00 jurisdictional threshold set forth by 28 U.S.C. § 1332. Consequently, the amount in controversy requirement for diversity jurisdiction is satisfied.[1]

## MISCELLANEOUS

11. A copy of this Notice of Removal is being filed with the Circuit Court of Clay County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

12. Along with this Notice of Removal, Aetna will tender to the Clerk of this Court the funds necessary to secure removal.

13. This Notice of Removal is filed within thirty (30) days after receipt by Aetna of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

14. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

15. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Kentucky.

16. If any question arises as to the propriety of this removal, Aetna respectfully requests the opportunity to present a brief and argument in support of its position.

---

[1] If the Court deems necessary, Aetna can supplement its argument regarding diversity jurisdiction.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Aetna Life Insurance Company, by and through its undersigned counsel, prays that the above action currently pending against it in the Circuit Court of Clay County, Kentucky, be removed to this Court.

Respectfully submitted this 31st day of January 2018.

                                            */s/ William B. Wahlheim, Jr.*
                                            William B. Wahlheim, Jr.
                                            Grace R. Murphy
                                            *Attorneys for Defendant Aetna Life Insurance Company*
                                            [applications for admission *pro hac vice* to be filed]

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 31st day of January 2018:

Timothy E. Geertz
Law Offices of Timothy E. Geertz, PLLC
2333 Alexandria Drive
Lexington, Kentucky 40504
Counsel for Plaintiff

                                          */s/ William B. Wahlheim, Jr.*
                                          OF COUNSEL