# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
01/04/2018
CT Log Number 532563961

TO:     Myrna Goodrich, Paralegal
        Aetna, Inc.
        Law U23S, 1425 Union Meeting Road
        Blue Bell, PA 19422

**RE:    Process Served in Kentucky**

FOR:    Aetna Life Insurance Company   (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CONNIE L HACKER, PLTF. vs. AETNA LIFE INSURANCE COMPANY, DFT. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Clay County Circuit Court, KY<br>Case # 17CI368 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/04/2018 postmarked on 12/28/2017 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered to you |
| **ATTORNEY(S) / SENDER(S):** | Timothy E. Geertz<br>Law Offices of Timothy E. Geertz, PLLC<br>2333 Alexandria Drive<br>Lexington, KY 40504<br>859-299-2929 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/04/2018, Expected Purge Date: 01/09/2018 |
| | Image SOP |
| | Email Notification, Desiree Beatty  beattyd@aetna.com |
| | Email Notification, Jacqueline West  WestJ2@AETNA.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601 |
| **TELEPHONE:** | 609-538-1818 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process
Transmittal**
01/04/2018
CT Log Number 532563961

**TO:**   Myrna Goodrich, Paralegal
Aetna, Inc.
Law U23S, 1425 Union Meeting Road
Blue Bell, PA 19422

**RE:**   **Process Served in Kentucky**

**FOR:**   Aetna Life Insurance Company  (Domestic State: CT)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summonses, Complaint | By Certified Mail on 12/15/2017 postmarked on 12/11/2017 | Myrna Goodrich, Paralegal Aetna, Inc. | 532473864 |

Page 2 of  2 / MA

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

U.S. POSTAGE >> PITNEY BOWES

$ 006.77⁰
ZIP 40962
02 4W
0000340169 DEC. 28. 2017



**CERTIFIED MAIL**

7017 0660 0000 5634 7802

JAMES S. PHILLIPS
CIRCUIT COURT CLERK
CLAY CIRCUIT & DISTRICT COURTS
CLAY COUNTY JUSTICE CENTER
316 MAIN STREET, SUITE 108
MANCHESTER, KENTUCKY 40962

CI  17-CI-00368
641293

AETNA LIFE INSURANCE COMPANY,
CT CORPORATION SYSTEM
306 WEST MAIN STREET, SUITE 512
FRANKFORT KY 40601

40601$1640  C003

| AOC-105             Doc. Code: CI | | Case No. 17-CI-368 |
| Rev. 1-07 | | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | **CIVIL SUMMONS** | County   Clay |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

CONNIE L HACKER

VS.

**DEFENDANT**

AETNA LIFE INSURANCE COMPANY

**Service of Process Agent for Defendant:**

CT CORPORATION SYSTEM

306 WEST MAIN STREET, SUITE 512

FRANKFORT                                              Kentucky                    40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 12-28-, 2017                          James S. Phillips          Clerk

By: RC                                                             D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____

Served by: _____

_____ Title

FILED

COMMONWEALTH OF KENTUCKY DISTRICT/CIRCUIT
CLAY CIRCUIT COURT
DIVISION ___ 2017 DEC 28 PM 1: 16
CIVIL ACTION NO.: 17 -CI- 368

CIRCUIT CLERK
CONNIE L. HACKER                                JAMES D. PHILLIPS   PLAINTIFF
BY_____ D.C.

vs.                    **COMPLAINT AND JURY DEMAND**

AETNA LIFE INSURANCE COMPANY                                    DEFENDANT

** ** ** ** ** ** ** ** ** **

## INTRODUCTION

1. Plaintiff seeks legal and equitable damages arising from and relating to a short-term and long-term disability policy, which were both issued and administered by Defendant.

2. The headings set forth herein are intended to assist Defendant in reviewing the statements and allegations therein. Plaintiff hereby reaffirms and reincorporates each paragraph of each section as though fully set forth under each heading.

3. The factual allegations found in this Complaint and Jury Demand are not exhaustive facts, but provided to give Defendant notice of the basis of Plaintiff's allegations.

## PARTIES

4. Plaintiff Connie L. Hacker resides in Manchester, Clay County, Kentucky.

5. Defendant Aetna Life Insurance Company (d/b/a Aetna) is an insurance company formed under the laws of the state of Connecticut and is authorized to do business in the Commonwealth of Kentucky by holding a Kentucky Certificate of Authority.

6. Defendant's service of process agent is CT Corporation System located at 306 West Main Street, Suite 512, Frankfort, KY 40601.

1

## JURISDICTION & VENUE

7. This Court has jurisdiction as the amount in controversy exceeds the minimum jurisdictional amount for this Court.

8. Venue is proper as some or all of the facts that form the basis of the Complaint and Jury Demand occurred in Clay County, Kentucky.

## FACTS

9. Plaintiff, who is 59 years old, was last employed as a Surgical Tech for Adventist Health System.

10. Defendant supplied and issued short-term and long-term policies of disability insurance to the Plaintiff by virtue of group insurance policies that insured the employees of Adventist Health System.

11. Defendant informed Plaintiff that her STD policy contains provisions allowing Plaintiff to be defined as disabled and thus receive STD benefits, if she is not able to perform the material duties of her own occupation because of an illness or injury.

12. Plaintiff became disabled and was unable to return to work on or about March 3, 2017.

13. In a letter from Defendant dated April 14, 2017, Defendant denied Plaintiff's STD benefits.

14. In a letter dated September 13, 2017, Plaintiff appealed Defendant's denial of STD benefits, and made a claim for long-term disability (LTD) benefits.

15. In a letter from Defendant dated October 31, 2017, Defendant denied Plaintiff's appeal for STD benefits. Defendant further notified the Plaintiff that Aetna had made its final decision, and no other action would be taken by Aetna.

16. In a letter from Plaintiff dated November 24, 2017, Plaintiff inquired regarding her claim for LTD benefits.

17. On December 10, 2017, Plaintiff was notified by the Social Security Administration that she was disabled, and the SSA found Plaintiff became disabled under the SSA's rules on March 6, 2017.  Plaintiff notified Defendant of Plaintiff's Notice of Award.

18. In a letter from Defendant's dated December 11, 2017, Defendant informed Plaintiff that as Defendant had not paid any STD benefits that a LTD claim was not established, and that no further action would be taken by Defendant.

19. As Defendant informed Plaintiff that it would not take further action, any appeal by the Plaintiff would be futile.

20. Plaintiff supplied Defendant with overwhelming medical records and reports documenting and supporting the fact that Plaintiff is disabled per the terms of her disability policies, and satisfies the definition of disability to receive short-term and long-term disability benefits.

21. Plaintiff has met and continues to meet the requirements for benefits under her disability insurance policies.

22. The administrative record fully supports the fact that the Plaintiff is disabled, pursuant to the terms of her STD and LTD policy, and Plaintiff should receive benefits.

23. Plaintiff's complaint is timely and is not otherwise time barred.

## CLAIMS

### COUNT I – BREACH OF CONTRACT

24. The aforementioned STD and LTD policies are contracts for insurance between the Plaintiff and the Defendant.

25. Contrary to the terms of Plaintiff's disability policies, the Defendant has decided to deny Plaintiff's STD and LTD benefits, and this constitutes a breach of contract.

26. Defendant's failure to pay STD and LTD benefits is a violation of the terms of Plaintiff's policies.

27. Defendant has wrongfully, and in contrast to the overwhelming evidence contained within the administrative file, denied payment of the Plaintiff's STD and LTD benefits that it owes to the Plaintiff pursuant to the terms of the applicable policies of insurance.

28. As a result of Defendant's breaches the Plaintiff has been damaged, and Plaintiff seeks benefits due, in addition to, attorney's fees, costs, interest and other relief.

## COUNT II – VIOLATION OF UNFAIR CLAIMS SETTLEMENT PRACTICES ACT

29. Defendant's decision to deny STD and LTD benefits was made in bad faith and without just cause, and indicates a reckless disregard for the Plaintiff's rights, in violation of the Unfair Claims Settlement Practice Act (KRS 304.12-230).

30. Defendant continues to breach its statutory duties under KRS 304.12-230.

31. As a direct result of Defendant's actions, Plaintiff has been damaged.

32. The above actions by Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial difficulty, all of which would not have occurred but for the wrongful conduct of the Defendant.

33. Plaintiff seeks compensatory, equitable, and punitive damages against Defendant, along with attorney's fees, costs, interest and other relief.

## COUNT III – BREACH OF DUTY TO ACT IN GOOD FAITH

34. Defendant owed a duty to act in good faith in the handling of Plaintiff's claims.

35. Defendant's actions support that Defendant failed to act in good faith.

36. Defendant lacks a reasonable basis to deny Plaintiff's benefits, is obligated to pay her STD and LTD benefits under the terms of the applicable policies, and Defendant knew or should have known it has acted recklessly in stating that there is a reasonable basis when, in fact, there is none.

37. Defendant continues to breach its duty to act in good faith.

38. As a direct result of Defendant's actions, Plaintiff has been damaged.

39. The above actions by the Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial difficulty, all of which would not have occurred but for the wrongful conduct of the Defendant.

40. The aforesaid conduct of the Defendant is reckless and grossly negligent, entitling Plaintiff to punitive damages.

41. Plaintiff seeks compensatory, equitable, and punitive damages against Defendant, along with attorney's fees, costs, interest and other relief.

## COUNT IV – VIOLATIONS OF ERISA

42. The aforementioned STD and LTD policy at issue does not meet the qualifications of an Employee Retirement Income Security Act (ERISA) plan.

43. In the alternative to allegation number 42, the Defendant's actions violate ERISA.

44. Pursuant to ERISA §502(a)(1)(B) and 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks to recover her STD and LTD policy benefits which were denied by Defendant, including pre-judgment and post-judgment interest.

45. As a result of the Defendant's conduct, Plaintiff has incurred attorney's fees and costs.

46. Pursuant to ERISA §502(g) and 29 U.S.C. §1132(g), Plaintiff seeks her attorney's fees and costs expended herein.

47. Defendant's decision to deny Plaintiff's STD and LTD benefits is arbitrary and capricious and against the greater weight of the evidence that was tendered to Defendant.

48. Defendant should be enjoined from denying benefit payments owed to Plaintiff under Plaintiff's STD and LTD policies.

<u>DEMAND FOR RELIEF</u>

WHEREFORE, the Plaintiff Connie L. Hacker demands the following relief:

A.     Trial by jury;

B.     Judgment against Defendant for full contractual benefits;

C.     That the Court award pre-judgment and post-judgment interest;

D.     That the Court award reasonable attorney's fees;

E.     That the Court award court costs;

F.     An award for punitive damages to punish and deter Defendant from similar conduct;

G.     Compensation for inconvenience and emotional pain and suffering caused by the Defendant's actions during the claims and administrative review processes; and

H.     Any and all legal or equitable relief the Plaintiff may be entitled to.

Respectfully Submitted:

TIMOTHY E. GEERTZ
Law Offices of Timothy E. Geertz, PLLC
2333 Alexandria Drive
Lexington, Kentucky 40504
Telephone: 859-299-2929
Facsimile: 859-201-1141
Email: tim@geertzlaw.com
*Attorney for Plaintiff Connie L. Hacker*