UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CONNIE L. HACKER, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No: 6:18-cv-00030-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| AETNA LIFE INSURANCE COMPANY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Connie L. Hacker brought this action in the Circuit Court of Clay County, Kentucky, alleging breach of contract, violations of Kentucky's Unfair Claims Settlement Practices Act, violations of ERISA, and common law bad faith. [R. 1-1.] Ms. Hacker seeks compensatory damages, as well as punitive damages and reasonable attorney's fees. *Id.* Defendant Aetna Life Insurance Company timely removed this action to this Court [R. 1], and Ms. Hacker now seeks to remand it. [R. 8.] For the following reasons, Ms. Hacker's Motion to Remand [R. 8.] will be **GRANTED.**

**I**

Ms. Hacker became disabled and unable to return to work in March, 2017. [R. 1.] It was not until December, 2017, that the Social Security Administration notified Ms. Hacker she qualified as disabled per its policies. *Id.* In the interim, Ms. Hacker applied for short-term and long-term disability benefits with her insurer, Aetna. *Id.* Aetna denied her claim for short term disability benefits, and later her claim for long term disability benefits as well. *Id.*

In response to these denials, Ms. Hacker initiated this suit in Clay County Circuit Court in December, 2017. *Id.* At the time of filing, Ms. Hacker's back benefits, should she be found entitled to them, were between $21,000 and $23,000. [*See* R. 1; R. 8.] In addition to these benefits stemming from her breach of contract claim, Ms. Hacker seeks in her complaint "reasonable attorney's fees," "an award for punitive damages to punish and deter Defendant from similar conduct," and "compensation for inconvenience and emotional pain and suffering." [R. 1.]

In its notice of removal, Aetna asserts that Ms. Hacker's claims are easily in excess of $75,000. [R. 1.] Aetna argues that "emotional distress, compensatory damages and punitive damages could easily reach above the jurisdictional minimum on their own." *Id.* Further, Aetna argues that this Court should apply a multiplier to Ms. Hacker's back benefits in order to estimate her unspecified damages claims. *Id.* Ms. Hacker, in her Motion for Remand, argues that Aetna has failed to offer competent proof that the amount in controversy exceeds $75,000 by a preponderance of the evidence. [R. 8-1.]

## II

### A

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because

federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted).

Ms. Hacker and Aetna agree that they are diverse. [*See* R. 1.] The principal dispute is whether the requisite $75,000 amount in controversy has been met. [ *See* R. 8; R. 9.] Where, as here, a plaintiff's complaint requests an indeterminate amount in damages, the "Court places a burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). A defendant is not required to prove to a legal certainty that a plaintiff's damages are greater than $75,000. *Id.* at 572. However, as this Court has noted before, "when the complaint is silent as to the amount in controversy, the defendant should engage in discovery on that issue before removing the case." *Coppola v. Wal-Mart Stores East, LP*, 2016 U.S. Dist. LEXIS 113599, *2 (E.D. Ky. Aug. 25, 2016).

**B**

Ms. Hacker alleges that, at the time of removal, she was owed $21, 674 in past due benefits under her Aetna insurance policy. [R. 8-1 at 2.] But Ms. Hacker seeks not only past due benefits, but also punitive damages and reasonable attorney's fees. [R.1-1 at 6.] In order to reasonably estimate punitive damages, some courts have applied a multiplier to the amount of compensatory damages sought. *See Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849 (E.D. Ky. 2006); *Heyman v. Lincoln National Life Ins. Co.*, 2017 WL 3274452 (W.D. Ky. 2017); *Fenton v. Speedway, LLC*, 2013 U.S. Dist. LEXIS 77334 (E.D. Ky. 2013); *Fisher v. May*, 2012 U.S. Dist. LEXIS 75388 (W.D. Ky. 2012). Similarly, Courts in this Circuit have

sometimes estimated attorney's fees by valuing them as a percentage of total recovery. *See Carrollton Hosp., LLC v. Kentucky Insight Partners II, LP*, 2013 WL 5934638 (E.D. Ky. 2013); *Hollon*, 417 F. Supp. 2d at 853. Aetna urges this Court both to apply such a multiplier and valuate reasonable attorney's fees as a percentage of total recovery.

Ms. Hacker argues that the use of such multipliers is purely speculative, and that Aetna has not met its burden by a preponderance of the evidence. [R. 8-1; R. 10.] This Court is inclined to agree. Rather than mathematical formulas, "[a] defendant's claims of the amount in controversy must be supported by 'competent proof,' which can include affidavits, documents, or interrogatories." *Ramsey v. Kearns*, 2012 U.S. Dist. LEXIS 22970, at *3 (E.D. Ky. Feb. 23, 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Kentucky Rule of Civil Procedure 8.01 allows a party against whom a claim is made for unliquidated damages to obtain information as to the amount by use of interrogatories. *See* Ky. R. Civ. P. 8.01. Surely discovery responses fall under the umbrella of "competent proof." But, as Ms. Hacker notes in her Reply, Aetna has not even attempted to use written discovery to gauge the amount she seeks in punitive damages, pain and suffering damages, or attorney's fees. [R. 9.]

While many Courts have applied multipliers to estimate amount in controversy, many others have required removing parties to engage in discovery prior to removal, including this Court. *See, e.g., King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958 (E.D. Ky. Jan. 16, 2009); *Holland v. Buffin*, 2015 U.S. Dist. LEXIS 80242 (E.D. Ky. Jan. 16, 2015); *Giffin v. Runyons*, 2011 U.S. Dist. LEXIS 122092 (E.D. Ky. Oct 21, 2011). In diversity cases, the best practice is for defendants to take advantage of state discovery procedures, and to remove to federal court only when it becomes apparent that the requirements of 28 U.S.C. § 1332 have been met.

**III**

Despite remanding the case at this juncture, the Court acknowledges that Aetna's estimation is not unreasonable, and it may be that after discovery, the parties will find that the amount in controversy exceeds $75,000. Should that occur, Aetna will be able to remove at that time. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999) ("Nothing in § 1446 forecloses multiple petitions for removal."). But until that happens, this Court simply does not have sufficient evidence available in the record to determine, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

Accordingly, the Court being sufficiently advised, it is hereby ORDERED as follows:

1. that Plaintiff's Motion to Remand [**R. 8**] is **GRANTED;**

2. This action is **REMANDED** in its entirety to the Clay Circuit Court from which it was removed; and

3. This matter is STRICKEN from the Court's active docket.

This the 15th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge